**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 24–cr–00305-GPG-JMC

UNITED STATES OF AMERICA,

Plaintiff,

v.

**BENJAMIN VINCENT SMITH**,

Defendant.

---

**SECOND UNOPPOSED MOTION TO EXCLUDE 180 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO 18 U.S.C. §§ 3161(H)(7)(a) and (B)(i) and (iv)**

---

**COMES NOW** defendant Benjamin Smith, by through counsel Martin Stuart of Stuart & Ward LLP, and files this motion respectfully requesting that the Court issue an Order making an ends of justice finding pursuant to 18 U.S.C. §3161(h)(7)(A) and excluding an additional 180 days from the speedy trial calculation pursuant to 18 U.S.C. §3161(h)(7)(B)(iv).

**AS GROUNDS:**

1. On October 18, 2024, Mr. Smith was indicted on seventeen counts of coercion and enticement pursuant to 18 U.S.C. §2422(b), twenty-nine counts of production of child pornography pursuant to 18 U.S.C. § 2251(a),(e), and one count of possession of child pornography pursuant to 18 U.S.C. §2252A(a)(5)(b),(b)(2).

2. On October 24, 2024, Mr. Smith entered not guilty pleas to all counts. Magistrate Judge Candelaria found Mr. Smith's 70-day speedy trial deadline to be January 2, 2025. Doc. 16 at p. 8.

3. On November 15, 2024, the defense filed an unopposed ends of justice motion to exclude 180 days from the speedy trial calendar. (Doc. 22).

4. On November 18, 2024, the Court granted the defense motion. (Doc. 23).

5. On May 7, 2025, a superseding indictment was filed adding eight new counts and seven new alleged victims. (Doc. 27).

6. 18 U.S.C. § 3161(h), provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

7. The Speedy Trial Act protects both a defendant's right to a speedy indictment and trial and also the public's interest in ensuring prompt criminal prosecutions. United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act guarantees a defendant the right to commencement of a trial within 70 days of his or her indictment or initial appearance, whichever is later. See 18 U.S.C. §3161(c)(1). The Act provides for certain exclusions from this 70-day period. See 18 U.S.C. §3161(h)(1)-(8). The Act specifically "excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Id.

8. The Court must consider the following factors when assessing the merits of a §3161(h)(7)(A) "ends-of-justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; …
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

9. Undersigned counsel respectfully advises the Court that due to the new discovery, the need to retain and consult with experts on a variety of issues, and the time necessary to conduct defense investigation it is unreasonable to expect counsel to be prepared for trial on Mr. Smith's 70-day speedy trial deadline of July 4, 2025.

10. Accordingly, it is requested that the Court make an ends of justice finding pursuant to 18 U.S.C. §3161(h)(7)(A), exclude 180 days from the speedy trial calculation, and set a status conference at a date the Court finds appropriate.

11. Should the Court grant Mr. Smith's request and add 180 days to his speedy trial clock, the resulting speedy trial deadline would be December 31, 2025.

10. Undersigned counsel has consulted with Mr. Smith who is in agreement with the relief sought in the instant motion.

11. AUSA Graves has authorized counsel to represent that the government does not oppose the relief sought in the instant motion.

**WHEREFORE**, Mr. Smith respectfully requests that this Honorable Court enter an order adding 180 days to his speedy trial calculation and to continue all associated deadlines, hearings, and trial as is appropriate.

Respectfully submitted,

Dated: May 16, 2025

By: s/Martin Stuart

MARTIN STUART, *counsel for Mr. Smith*
Stuart & Ward, LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Phone 303-832-8888
mstuart@stuartwardlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Martin Stuart
Martin Stuart